# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWEST DIVISION

| | |
|---|---|
| **GEORGE ROBERTSON** ) | Case No. |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **ABDIFATAH YUSUF and** ) | |
| **GSA EXPRESS, LLC** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff George Robertson, by and through his counsel, and for his causes of action against Defendants Abdifatah Yusuf and GSA Express, LLC., alleges and states as follows:

## The Parties

1. Plaintiff George Robertson (hereinafter "Plaintiff") is a citizen of the State of Oklahoma, residing in the City of Weleetka, Okfuskee County, Oklahoma, and brings this cause of action for personal injuries in two independent counts, the first against separate Defendant Abdifatah Yusuf (hereinafter "Defendant Yusuf") for his direct liability based on his negligent conduct in his use and operation of the tractor trailer, and the second against Separate Defendant GSA Express, LLC (hereinafter "Defendant GSA") for its direct liability based on its negligent conduct in hiring, training, supervising and retention of Defendant Yusuf.

2. Defendant Yusuf is a citizen of the State of Texas, residing in Amarillo,

1

Potter County, Texas.

3. Defendant GSA is a Minnesota corporation with its principal place of business located at 13000 Harriet Ave. S., Apt. 214 Burnsville, Minnesota.

## Jurisdiction and Venue

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3) because this action is between citizens of different States, and the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Therefore, this Court has subject-matter jurisdiction over this case based on diversity of citizenship.

5. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). The motor vehicle collision involving Defendant Yusuf and Plaintiff that gives rise to Plaintiff's claims asserted herein occurred near Lawrence County, Missouri. Accordingly, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. This Court has personal jurisdiction over the parties as Defendant GSA regularly conducts business in this judicial district and employed Defendant Yusuf, who was acting as Defendant GSA's agent, servant and/or employee within the course and scope of his employment relationship with GSA, at the time Defendant GSA's vehicle driven by Defendant Yusuf collided in this judicial district with the vehicle driven by Plaintiff.

7. Furthermore, Defendant Yusuf was licensed as a commercial driver and was operating a commercial motor vehicle as those terms are defined within the meaning of the

Federal Motor Carrier Safety Regulations set forth in Title 49 of the Code of Federal Regulations at the time of the crash that is the subject of this lawsuit and was at all times relevant hereto required to comply with said Regulations and the trucking industry standards, and Defendant GSA was acting as a motor carrier as that term is defined within the meaning of the Federal Motor Carrier Safety Regulations set forth in Title 49 of the Code of Federal Regulations at the time of the crash that is the subject of this lawsuit and was at all times relevant hereto required to comply with said Regulations and the trucking industry standards.

## Facts of the Occurrence

8. On October 28, 2020, at approximately 1:50 p.m., Defendant Yusuf was operating Defendant GSA's tractor trailer under the authority and direction of Defendant GSA eastbound on U.S. Highway 44 near Lawrence County, Missouri.

9. Defendant Yusuf was driving in a clearly marked highway construction zone as he approached mile marker 55.

10. Defendant Yusuf approached slowing and stopped traffic ahead near mile marker 55.

11. The tractor trailer driven by Defendant Yusuf collided with the rear of the vehicle operated by Plaintiff that was slowing or stopped in eastbound traffic.

12. As a result of the collision, Plaintiff's body was thrown about his vehicle, and Plaintiff's vehicle was pushed forward into a slowing or stopped vehicle in front of him.

## COUNT I

## NEGLIGENCE OF DEFENDANT ABDIFATAH YUSUF

13. Plaintiff hereby incorporates paragraphs 1 – 12 of this Complaint as though fully set forth herein.

14. Defendant Yusuf acted or failed to act in one or more of the following ways:

a. Failed to keep a careful lookout;

b. Knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have:

   (1) Stopped, or

   (2) Swerved, or

   (3) Slackened his speed, or

   (4) Sounded a warning, or

   (5) Slackened his speed and swerved, or

   (6) Slackened his speed and sounded a warning, or

   (7) Swerved and sounded a warning,

c. Drove at an excessive speed;

d. Drove in violation of Section 304.012.1 R.S.Mo. (Motorist to exercise highest degree of care); and

e. Drove in violation of Section 3014.014 R.S.Mo., thus violating the rules of the road (Rules of the road to be observed).

f. Drove in violation of Section 304.017 R.S.Mo.; (Distance at which vehicle must follow)

g. Defendant Yusuf's tractor trailer came into collision with the rear of

4

plaintiff's automobile; (M.A.I. 17.16)

15. Defendant Yusuf's acts and/or omissions were negligent, or negligent per se, because (a) Plaintiff was a member of the class of persons that the above-referenced statutes were intended to protect, (b) the crash was the type that said statutes were designed to prevent, and (c) the violations of said statutes were the proximate case of the crash.

## INJURIES AND DAMAGES

16. Such negligence directly caused or directly contributed to cause the crash and to cause Plaintiff to suffer multiple injuries, including injuries to his neck and back, and naturally related pain, fear, anxiety, stress, and emotional trauma, before, during and after the crash, loss of personal time in addition to diminution of his ability to work, labor and enjoy his customary way of life as he did prior to said injuries.

17. As a direct result of such injuries, Plaintiff is reasonably expected in the future to require medical care and treatment.

WHEREFORE, under Count I of this Complaint, Plaintiff prays for judgment against Defendant Yusuf for compensatory damages, for Plaintiff's costs herein expended and incurred, with lawful post judgment interest thereon until paid in full, and for such further and other relief as the Court deems just and proper under the premises.

## COUNT II
## NEGLIGENCE OF DEFENDANT GSA EXPRESS, LLC

18. Plaintiff hereby incorporates paragraphs 1 – 17 of this Complaint as though fully set forth herein.

19. Defendant GSA acted or failed to act in one or more of the following

particulars:

a. Failed to promulgate and/or enforce safe driving rules and regulations to be followed by its drivers, including Defendant Yusuf;

b. Failed to use ordinary care in hiring, training, supervising, and/or retaining Defendant Yusuf as a commercial motor vehicle driver;

c. Failed to ensure that Defendant Yusuf possessed and used proper safe commercial motor vehicle skills; and

d. Entrusted the commercial vehicle to Defendant Yusuf who was not competent and/or not legally qualified to operate the vehicle, which incompetence and/or lack of legal qualification was known or should have been known by Defendant GSA.

## **INJURIES AND DAMAGE**

20. Such negligence directly caused or directly contributed to cause the crash and to cause Plaintiff to suffer multiple injuries, including injuries to his neck and back, and naturally related pain, fear, anxiety, stress, and emotional upset, before, during and after the crash, loss of personal time in addition to diminution of his ability to work, labor and enjoy his customary way of life as he did prior to said injuries.

21. As a direct result of such injuries, it is reasonably expected that Plaintiff will incur medical expenses in the future for medical care and treatment.

WHEREFORE, under Count II of this Complaint, Plaintiff prays for judgment against Defendant GSA for compensatory damages, for Plaintiff's costs herein expended and incurred, with lawful post judgment interest thereon until paid in full, and for such further and other relief as the Court deems just and proper under the premises.

Respectfully Submitted

_____

By: CJ Moeller
MoBar #39238
4045 E. Sunshine St., #100
Springfield, MO 65809
Tele: 417-881-8282
Fax: 417-881-4217
Internet: cj@ransin.com
Attorney for Plaintiff

_____

By: David Ransin
MoBar #30460
4045 E. Sunshine St., #100
Springfield, MO 65809
Tele: 417-881-8282
Fax: 417-881-4217
Internet: david@ransin.com
Attorney for Plaintiff



TERRY LAW FIRM, LLC

 /s/ David W. Terry
David W. Terry  MO #44977
2001 S. Big Bend Blvd.
Suite 209
St. Louis, MO 63117
Telephone: (314) 878-9797
Facsimile: (314) 552-7289
E-mail**:** *dterry@terrylawoffice.com*
**ATTORNEYS FOR PLAINTIFF**

7